2009 Ark. App. 275

**James McCUTCHEON, Appellant,**

**v.**

**Kathy McCUTCHEON (now Kougl), Appellee.**

**No. CA 08–566.**

Court of Appeals of Arkansas.

April 15, 2009.

Clark & Spence, by: George R. Spence, Bentonville, for appellant.

Keith, Miller, Butler, Schneider & Pawlik, PLLC, by: Kristin L. Pawlik, Rogers, for appellee.

JOSEPHINE LINKER HART, Judge.

Appellant, James McCutcheon, appeals from the circuit court's order finding him in contempt for failing to indemnify appellee, Kathy McCutcheon (now Kougl), as provided in the parties' settlement agreement incorporated by reference into the parties' divorce decree. Appellant argues that the court erred in holding him in contempt because the obligation was discharged in bankruptcy. We affirm the circuit court's order.[1]

On January 26, 2005, the parties entered into a settlement agreement providing in part that appellant would retain possession of a 2004 Honda TRX 450R Four Wheeler. Appellant agreed to be responsible for the debt on the vehicle, have it refinanced in his own name within sixty days, and hold appellee harmless for any debt on the vehicle. Further, the parties agreed "to keep the other free and harmless and indemnified of and from any and all debts, charges, or liabilities herein assumed by each...." Each party also agreed to pay the other's legal expenses if the party

---

1. We also note that appellant filed a motion suggesting that the circuit court's order may not be final because of outstanding issues regarding a visitation schedule as well as telephone visitation for the minor child. That motion is moot, because the parties subsequently supplemented the record with an order showing that those issues were addressed. Further, the parties did not appeal from that order.

wrongfully refused to comply with the agreement. The divorce decree was filed on January 28, 2005, and the decree incorporated by reference the settlement agreement.

On April 23, 2007, appellee filed in the circuit court a petition for contempt, alleging that appellant had failed to abide by the settlement agreement. The petition asserted that appellant had failed to refinance the Honda in his own name, that he had defaulted on the debt, and that the lienholder was seeking judgment against appellee.

At the December 4, 2007 hearing on the petition, exhibits admitted into evidence showed that on September 16, 2005, appellant filed a Chapter 7 voluntary petition for bankruptcy. Appellant listed the Honda as property subject to a purchase money security lien held by a bank, further listing appellee as a codebtor. Appellant, however, did not list appellee as a creditor. Appellant also signed a statement of intention to retain the Honda and make regular payments thereon. On December 20, 2005, appellant was granted a discharge. The discharge, however, did not indicate that appellant intended to make payments on the Honda.

At the hearing, appellee's attorney noted that on July 22, 2007, a civil judgment in favor of the Honda lienholder was entered against her for $5025.94, costs of $186.08, attorney's fees of $503.59, and interest. Appellee sought an award for these amounts as well as her attorney fees in the civil judgment and in the contempt proceeding. Appellant argued that the Honda debt had been discharged in bankruptcy and that appellee was aware of the bankruptcy filing.

In its written order, the circuit court stated in part that the "bankruptcy proceeding did not discharge [appellant] from any obligation to [appellee]." The court noted that appellee was "not named as his creditor in the bankruptcy proceeding." The court found appellant in contempt and ordered appellant to pay appellee the amounts listed above, as well as $300 in attorney fees that she expended in the civil judgment and $300 that she expended in the contempt proceeding. This appeal followed.

On appeal, appellant asserts that because he received a discharge in bankruptcy, the circuit court erred in ordering him to make payments to appellee. Appellant argues that the proper forum for challenging the discharge would have been in bankruptcy court. Appellant further observes that appellee was "clearly aware of the bankruptcy petition, as she helped pay the fee for it...."

Generally, under the statutes in effect at the time appellant filed bankruptcy, debts for spousal support and child support were not dischargeable. 11 U.S.C. § 523(a)(5). Other types of divorce-related debts, such as property settlements, were also not dischargeable unless the debtor could not afford to pay the debt or if the benefit to the debtor from discharging the debt outweighed the detriment to the other party. 11 U.S.C. § 523(a)(15). Further, a discharge did not discharge an individual debtor from any debt not listed or scheduled in time to permit,

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor

had notice or actual knowledge of the case in time for such timely filing and request[.]

11 U.S.C. § 523(a)(3).

■ While appellant asserts that the circuit court did not have jurisdiction to determine whether a debt was discharged under section 523(a)(15), that is not the issue before the court. Here, the question on appeal involves section 523(a)(3) and concerns whether appellee "had notice or actual knowledge of the case." Appellant further asserts that it "is not an issue in this case" whether appellee received notice, as appellee "had notice of the filing of the bankruptcy," and thus the circuit court "was not determining whether the debt survived, but instead how far the discharge went," which is "appropriately the provision of the Bankruptcy Court."

■ We disagree with appellant's assessment. The circuit court specifically found that the bankruptcy proceeding did not discharge appellant from any obligation to appellee, noting that appellee was not named as a creditor in the bankruptcy proceeding. Further, state and federal courts have concurrent jurisdiction to determine whether a debt survived bankruptcy because of the debtor's failure to schedule or list the debt in the petition and the creditor's _5_failure to obtain timely notice of the proceedings by other means. *Heselton v. Maffei,* 374 N.J.Super. 184, 863 A.2d 1100 (2005). The burden of establishing that a creditor received adequate notice rests with the debtor. *Id.*

In addressing whether she had notice or actual knowledge of the case, appellee cites a factually similar case, *Heselton.* There, the issue was whether the ex-husband's obligation to indemnify his ex-wife for any liability she might incur under a mortgage on the former marital home was discharged by his bankruptcy even though he only listed her as a codebtor and not as a creditor in his bankruptcy petition. The court concluded that the bankruptcy petition did not give the ex-wife reasonable notice that the indemnification obligation could be discharged in the bankruptcy proceeding, and therefore she could enforce the obligation notwithstanding the ex-husband's bankruptcy.

The court observed that although the ex-wife received a copy of the petition and was listed as a codebtor, the petition did not list the indemnification obligation as a debt the ex-husband was seeking to discharge or identify the ex-wife as a creditor. The court concluded that the ex-husband's bankruptcy petition did not afford the ex-wife reasonable notice that the indemnification obligation could be discharged in the bankruptcy proceeding. In reaching this conclusion, the court reasoned that the listing of the ex-wife as a codebtor did not give her reasonable notice that the ex-husband did not consider his indemnification obligation for that debt to be a component of his child-support obligation or in lieu of alimony and thus non-dischargeable under section 523(a)(5), but instead was some other _6_kind of debt that was subject to discharge under section 523(a)(15). Moreover, the ex-husband's failure to give adequate notice that he considered the indemnification obligation subject to discharge deprived her of the opportunity to present evidence and legal argument to the bankruptcy court relevant to whether this obligation satisfied one of the two alternative conditions of dischargeability set forth in section 523(a)(15).

■ We acknowledge that appellee was listed as a codebtor and that appellee's attorney stated in his argument before the circuit court that "[b]ack in September of 2005 [appellant] did cause to be filed a Chapter 7 voluntary petition for bankruptcy, and my client assisted in paying the

filing and attorney fees for the petition. . . ." Appellant, however, did not list the obligation as a debt he was seeking to discharge, nor did he identify her as a creditor. And most importantly, he signed a statement of intention to retain the Honda and make regular payments thereon. Together, these facts would have indicated to appellee that appellant was not seeking to discharge his obligations under the settlement agreement. Thus, like the ex-wife in *Heselton*, appellee was deprived of her opportunity to present evidence and legal argument to the bankruptcy court relevant to whether this obligation satisfied one of the two alternative conditions of dischargeability set forth in section 523(a)(15).

Appellant further argues that *Heselton* is distinguishable because it involved payments that were characterized as alimony, that such debts are always non-dischargeable, and that state and federal courts have concurrent jurisdiction to determine whether the debt is in the ⌐nature of alimony and therefore non-dischargeable. *Heselton*, however, was not decided on the basis of whether the debt was in the nature of alimony. Rather, the case addressed whether the ex-wife had notice or actual knowledge of the case under section 523(a)(3). Accordingly, we affirm the circuit court's decision.

Affirmed.

VAUGHT, C.J., and BROWN, J., agree.